IN THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

CASE NO.

MATTHEW DOBBS, and his wife TRISTIAN DOBBS, individually and as PARENTS and NATURAL GUARDIANS OF EMMA DOBBS, GAVIN DOBBS, OLIVIA DOBBS, and MADDISON DOBBS,

    Plaintiffs,

vs.

THE UNITED STATES OF AMERICA,

    Defendant.
_____/

# COMPLAINT

COME NOW the Plaintiffs, MATTHEW DOBBS, and his wife TRISTIAN DOBBS, individually and as PARENTS and NATURAL GUARDIANS OF EMMA DOBBS, GAVIN DOBBS, OLIVIA DOBBS, and MADDISON DOBBS, and sue the Defendant UNITED STATES OF AMERICA and allege as follows:

1. This action arises under the Federal Tort Claims Act, 28 USC 2674. This Court has original jurisdiction pursuant to 28 USC 1346(b).

2. Prior to the bringing of this action, the claims set forth herein were presented to the United States of America, Department of Veterans Affairs through

the Office of General Counsel through the Chief Counsel located in the area where the claim took place and to its associate entity, the Orlando VA Medical Center, Orlando, Florida, which operated the Lake Baldwin VA Outpatient Clinic, more than six months before this action was instituted.

3. That the Department of Veterans Affairs, in a letter dated September 22, 2021, denied Plaintiffs' claims, which was received on September 27, 2021.

4. That Plaintiff Matthew Dobbs was at all times material hereto a veteran and was entitled to the benefits of medical care at the Veterans Administration medical facilities and was at all times material hereto a resident of the State of Florida.

5. That at all times material hereto, Plaintiffs, Matthew Dobbs and Tristian Dobbs were lawfully married husband and wife.

6. That at all times material hereto, Plaintiffs, Matthew Dobbs and Tristian Dobbs were and are the natural mother of Emma Dobbs, Gavin Dobbs, Olivia Dobbs, and Maddison Dobbs

7. All incidents giving rise to this claim occurred in Orange County, Florida, thereby giving rise to this Court's jurisdiction over these matters.

8. That at all times material hereto The United States of America by and through the Orlando VA Medical Center, which also operated the Lake Baldwin VA Outpatient Clinic, employed the individual listed below, who at all times material

hereto, was acting within the course and scope of her employment therewith, and is therefore liable for her negligence as a matter of law:

    a.    Linda J. Lee, M.D.

9.    On November 1, 2018, Matthew Dobbs presented for a new patient visit to the Orlando VA Medical Center's Lake Baldwin VA Outpatient Clinic.

10.    During this visit Matthew Dobbs reported new episodes of bladder dysfunction as well as low back pain and bilateral numbness and weakness in both legs to Linda J. Lee, M.D.

11.    While acting within the course and scope of her employment, Linda J. Lee, M.D., failed to timely and appropriately work up and address Matthew Dobbs' symptoms.

12.    On November 16, 2018, Matthew Dobbs presented back to the Lake Baldwin VA Outpatient Clinic with continued urinary incontinence and worsening symptoms resulting in Dr. Lee's offer to send the patient to Florida Hospital South, a local hospital, for evaluation with the caveat that the VA may not cover the evaluation and services.

13.    Matthew Dobbs did present to the Florida Hospital South Emergency Department where a MRI of the L spine revealed a disk bulge and central extrusion at L4-5 resulting in mod to severe central canal stenosis and crowding of the cauda equina nerve roots, with bilateral effacement of the subarticular recesses and descending L5 nerve root compression.

14. Dr. Gandhi, a neurosurgeon, performed a posterior lumbar laminectomy for decompression at L4-5 and L5-S1 and fusion bilaterally with an anterior interbody device placed for anterior arthrodesis at the same levels on November 18, 2018 in order to arrest Mr. Dobbs' symptoms.

15. Dr. Lee's deviations from the standard of care led to an unnecessary delay in Mr. Dobbs' treatment resulting in an avoidable worsening of his condition, unnecessary harm, and injury, specifically neurological deficits to include urinary incontinence.

16. As a direct and proximate result of Defendant's employee's deviations from the applicable standard of care, Matthew Dobbs has suffered from urinary incontinence, pain, suffering, scarring, disfigurement, aggravation of preexisting conditions, loss of ability to enjoy life, future medical expenses, and the need for future care, treatment, and medical supplies.

17. The above losses are permanent and continuing in nature.

18. As a further direct and proximate result of the foregoing, Tristian Dobbs, Mathew Dobbs' spouse, suffered from a loss of her spouse's consortium, companionship, comfort, society, attention, and support and services in the past and will continue to suffer these losses in the future.

19. Additionally, a direct and proximate result of the foregoing, Emma Dobbs, Gavin Dobbs, Olivia Dobbs, and Maddison Dobbs, have incurred in the past

and will incur in the future, damages for the permanent loss of their father, Matthew Dobbs' services, comfort, companionship, and society.

20. Plaintiffs have complied with all conditions precedent to filing this action including but not limited to filing timely notices of claim with the appropriate entities and providing all requested information to representatives of The United States of America. Further, Plaintiffs have complied with all conditions precedent to filing a medical malpractice action as would be required under Florida law, including but not limited to providing an affidavit of an expert in the same specialty as the physician involved in the negligent act as well as medical records authorizations and information required under Florida Statute 766. Plaintiffs have timely complied with and exhausted all administrative remedies and have filed this action after six months from when the claim was presented and within 180 days of receiving a final denial of the claim during the administrative investigation and negotiation period.

## COUNT I
## NEGLIGENCE OF VETERAN'S ADMINISTRATION

Plaintiffs reiterate and adopt paragraphs 1 through 20 as if fully set forth herein and further state as follows:

21. The United States of America by and through its agency, the Orlando VA Medical Center, Orlando, Florida, which operated the Lake Baldwin VA Outpatient Clinic, its employees, servants, agents and or apparent agents, including but not limited to Linda J. Lee, M.D., owed Plaintiff, Matthew Dobbs , a duty of

5

care to act within the prevailing professional standard of care for a similarly trained physician under like or similar circumstances in a similar locality during the care she provided to Matthew Dobbs in November 2018.

22. That the defendant through its employees, servants and agents breached said duty of care in the following ways:

    a. Negligently failed to appreciate the potential underlying neurological issues causing Mr. Dobbs' signs and symptoms.

    b. Negligently failed to timely and appropriately order imaging as well as a neurosurgical consult.

    c. Negligently failed to timely and appropriately work up and address Matthew Dobbs' signs and symptoms.

23. That the above referenced negligence was a direct and proximate cause of the injuries and damages of Plaintiff, Matthew Dobbs

WHEREFORE, Plaintiff, Matthew Dobbs demand judgment against the Defendant or all damages allowable to Plaintiff under 28 USC 2674 and/or any act allowing for this action and damages thereon and demands $3,000,000.00.

## COUNT II – DAMAGES OF TRISTIAN DOBBS

Plaintiffs reiterate and adopt paragraphs 1 through 23 as if fully set forth herein and further state as follows:

24. At all times material hereto, Tristian Dobbs was the lawful wife of Matthew Dobbs.

25. At all times material hereto, due to the injuries to her husband suffered as a result of Defendant's negligence, as is more full described above, Tristian Dobbs has suffered from a loss of her spouse's consortium, companionship, comfort, society, attention, and support and services in the past and will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Tristian Dobbs, demands judgment against the United States of America for all damages allowable to Plaintiff under 28 USC 2674 and/or any act allowing for this action and damages thereon and demands $1,000,000.00.

## COUNT III – DAMAGES OF EMMA DOBBS, GAVIN DOBBS, OLIVIA DOBBS, and MADDISON DOBBS

Plaintiffs reiterate and adopt paragraphs 1 through 23 as if fully set forth herein and further state as follows:

26. At all times material hereto, Emma Dobbs, Gavin Dobbs, Olivia Dobbs, and Maddison Dobbs, were and are the minor children of Matthew Dobbs.

27. At all times material hereto, due to the injuries to their father suffered as a result of Defendant's negligence, as is more full described above, Emma Dobbs, Gavin Dobbs, Olivia Dobbs, and Maddison Dobbs have incurred in the past and will incur in the future, damages for the permanent loss of their father, Matthew Dobbs' services, comfort, companionship, and society.

WHEREFORE, Plaintiffs, Emma Dobbs, Gavin Dobbs, Olivia Dobbs, and Maddison Dobbs, demand judgment against the United States of America for all damages allowable to Plaintiff under 28 USC 2674 and/or any act allowing for this action and damages thereon and demand $4,000,000.00.

/s/T'amjuiming A. Marx
T'anjuiming A. Marx, FBN: 0210991
**Lead Counsel**
James Clancey Bounds, FBN: 0981631
BOUNDS LAW GROUP
1751 N. Park Avenue
Maitland, FL 32751
Tel: 407-644-5151
Fax: 407-644-4566
Email: clancey@boundslawgroup.com
Email: ming@boundslawgroup.com